**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | No. CR-03-50099-PHX-ROS (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Roberta Lee Vasquez (Kinney), ) |  |
| Defendant. ) |  |
| Lowe's of Peoria, ) |  |
| Garnishee. ) |  |

This Court is in receipt of a request for hearing on a writ of garnishment by Defendant/Debtor Roberta Lee Kinney f/n/a Roberta Lee Vasquez, filed on September 13, 2010. (Doc. 9) On September 15, 2010, the undersigned Magistrate Judge was selected by random draw to conduct the hearing upon the express referral by the Clerk of the Court pursuant to LRCiv 72.1(b) and implicit referral of the assigned District Judge, the Honorable Roslyn O. Silver. (Doc. 11)

Generally, a federal writ of garnishment is governed by the law of the state in which the district court sits. Fed.R. Civ. P. 69(a)[1]; *Hilao v. Estate of Marcos*, 95 F.3d 848

---

[1] Rule 69(a), Fed.R.Civ.P., provides:

(1) Money Judgment; Applicable Procedure. A money judgment is enforced

1  (9th Cir. 1996). Thus, Arizona law controls garnishment of money or other property as a
2  result of a federal judgment. "Garnishment is a creature of statute and is strictly governed
3  by the terms of the statute creating the remedy." *Jackson v. Phoenixflight Productions, Inc.*,
4  145 Ariz. 242, 244, 700 P.2d 1342, 1344 (Ariz. 1985) (citations omitted).

5        Pursuant to Arizona Revised Statute ("A.R.S.") § 12-1580(B), a hearing is
6  required to "be commenced within five days of the request, not including weekends and
7  holidays, but may be continued for good cause on terms the court deems appropriate. . . ."
8  A.R.S.§ 12-1580(B). "[G]arnishment proceedings are intended to be expedited[.]"
9  *International Fidelity Ins. Co. v. Unlimited Sales & Marketing Inc.*, 2008 WL 2589135, * 7
10 (Az.Ct.App. 2008). Although the Court's calendar may accommodate the five-day hearing
11 deadline, in a conference call by the undersigned's Judicial Assistant with Defendant/Debtor
12 Kinney and Elizabeth Wilson, counsel for the Plaintiff, Ms. Kinney requested the hearing be
13 set in early October due to her planned trip to see her ill mother who recently suffered a
14 stroke.

15       Both Defendant/Debtor Kinney and counsel for the Government stipulate and
16 agree the garnishment hearing may be scheduled in early October. They have agreed upon
17 Wednesday, October 6, 2010 at 11:15 a.m.

18       Good cause appearing to schedule the garnishment hearing beyond the
19 mandatory five days,

20       **IT IS ORDERED** setting a hearing on Defendant/Debtor's request for hearing
21 on a writ of garnishment, doc. 9, for **Wednesday, October 6, 2010 at 11:15 a.m.** before the

---

24-26     by a writ of execution, unless the court directs otherwise. *The procedure on execution*--and in proceedings supplementary to and in aid of judgment or execution--*must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies.

27 Rule 69(a)(1), Fed.R.Civ.P., (emphasis added).

28

undersigned Magistrate Judge to presumably address[2] the issues "whether the writ is valid against the judgment debtor, what amount is presently due and owing on the underlying judgment and what amount of nonexempt monies, if any, the garnishee was holding for or owed to the judgment debtor at the time the writ was served . . . ." A.R.S. § 12-1584(A).

**IT IS FURTHER ORDERED** the physical appearance of Defendant/Debtor Kinney and counsel for the Government is required for this hearing to be held in Courtroom 302, Sandra Day O'Connor U. S. Courthouse, 401 West Washington, Phoenix, Arizona 85003. If Defendant/Debtor Kinney fails to appear, the Court may summarily affirm the writ of garnishment.

**IT IS FURTHER ORDERED** the parties shall mail or electronically transmit, as set forth below, copies of any relevant documents or court filings relevant to the garnishment issue to the undersigned:

1. By United States Postal Service:

   Lawrence O. Anderson
   United States District Court/District of Arizona
   Sandra Day O'Connor U. S. Courthouse
   401 West Washington, SPC 11
   Phoenix, AZ 85003-2120

2. By electronic mail:

   Anderson_Chambers@azd.uscourts.gov

Because Defendant/Debtor is *pro se*, the Court expressly advises her that the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants" because requiring trial judges to explain the details of federal [or state] procedure or act as the *pro se's* counsel "would undermine [federal] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 226-227 (2004). A

---

[2] The statute is not clear what issues should be addressed by a court at this hearing to give "due consideration of the importance of the judgment debtor's rights and the need for a speedy determination." A.R.S. § 12-1580(B).

1  *pro se* litigant "does not have a constitutional right to receive personal instruction from the
2  trial judge on courtroom procedure" and that "the Constitution [does not] require judges to
3  take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel
4  as a matter of course." *Id*. (citing *Martinez v. Court of Appeal of Cal., Fourth Appellate
5  Dist*., 528 U.S. 152, 162 (2000)). The Court also advises Plaintiff and counsel that although
6  *pro se* pleadings may be held to less stringent standards than those prepared by attorneys,
7  *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998) (citing *Haines v. Kerner*, 404 U.S. 519,
8  520-21 (1972)), *pro se* litigants must "abide by the rules of the court in which he litigates."
9  *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

Dated this 16th day of September, 2010.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -